ORIGINAL

Jacob J. Miles, Esq.
Paul L. Kattas, Esq.
Joseph A. Boyle, Esq.
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
(212) 808-7800
Attorneys for Plaintiff

FILED
AUG - 2 2006
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT**

**OF FEDERAL CLAIMS**

| | |
|---|---|
| National Travel Services, Inc.<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | 06-567 T<br>**NO.** ________<br><br>**COMPLAINT** |

Plaintiff National Travel Services, Inc. ("Plaintiff"), by and through its attorneys, Kelley Drye & Warren LLP, for its Complaint against defendant United States of America ("Defendant") alleges as follows:

1. Plaintiff brings this action under sections 6532 and 7422 of the United States Internal Revenue Code (the "Code") (26 U.S.C. §§ 6532 and 7422), for recovery of: (i) federal communications excise tax Plaintiff paid to Defendant United States of America with respect to the taxable quarter ended March 31, 2000 through the taxable quarter ended March 31, 2005 and (ii) statutory interest on such overpayment of tax.

THE PARTIES

2. Plaintiff is a corporation organized under the laws of the State of Nevada with its principal place of business located in Fort Lauderdale, Florida. Plaintiff's address is E. Commercial Blvd. #100, Fort Lauderdale, Florida 33308-4042.

3. For purposes of reporting to the United States Internal Revenue Service (the "IRS"), Plaintiff's Employer Identification Number is 65-0771217, which is reflected on all returns and claims described below.

4. Defendant is the United States of America.

5. The actions complained of herein were taken by representatives of the Commissioner of Internal Revenue.

JURISDICTION AND VENUE

6. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1346(a)(1).

7. Venue is proper pursuant to 28 U.S.C. § 1346(a)(1) which states that the district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected.

RELIEF SOUGHT

8. Plaintiff seeks to recover an overpayment by Plaintiff of federal communications excise tax in the amount of $291,347.06, together with interest as provided by law.

9. Plaintiff paid the communications excise tax at issue during the quarter ended March 31, 2000 through the quarter ended March 31, 2005.

10. During the quarters listed above, Plaintiff purchased intrastate, interstate, and international long distance telephone service and other communications services from various communications service providers ("Plaintiff's Services").

11. The communications service providers apparently classified the services sold to Plaintiff as taxable toll telephone service under sections 4251 and 4252(b) of the Code. Consequently, they collected federal communications excise tax from Plaintiff, reported the taxes on IRS Form 720 and remitted the taxes to the IRS.

12. On April 2, 2003, Plaintiff timely filed claims for refund for the quarter ended March 31, 2000 through the quarter ended March 31, 2003. On July 16, 2004, Plaintiff timely filed claims for refund for the quarter ended June 30, 2003 through the quarter ended June 30, 2004. On July 19, 2005, Plaintiff timely filed claims for refund for the quarter ended September 30, 2004 through the quarter ended March 31, 2005. True and correct copies of these claims for refund are attached hereto as Exhibit A. Plaintiff has reviewed its invoices and determined that it is entitled to a refund with respect to the services provided by its communications service providers.

13. The IRS has not allowed Plaintiff's claims for refund of federal communications excise tax. More than six months have passed since the filing of the refund claim.

14. Section 4251(a) of the Code imposes tax on amounts paid for "communications services." The tax is imposed on the "person paying for such services." Code § 4251(a)(2).

15. Only those communications services described in section 4252(a), (b) and (c) of the Code are potentially subject to the federal communications excise tax imposed by section 4251 of the Code. Code § 4251(a) and (b).

16. None of Plaintiff's Services meets the definition of "local telephone service" or "teletypewriter exchange service." Code § 4252(a) and (c).

17. A service may only be a "toll telephone service" for purposes of the federal communications excise tax if it is described in either section 4252(b)(1) or section 4252(b)(2) of the Code.

18. Section 4252(b)(1) of the Code provides that the term "toll telephone service" means a "telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States."

19. The charges for Plaintiff's Services did not vary in amount with the distance of each individual communication.

20. Accordingly, none of Plaintiff's Services is described in section 4252(b)(1) of the Code.

21. Section 4252(b)(2) of the Code provides that the term "toll telephone service" includes "a service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located."

22. Plaintiff's Services did not entitle Plaintiff to an unlimited number of calls to a specified area outside a local telephone system area for a charge based on a flat fee or elapsed transmission time.

23. Accordingly, none of Plaintiff's Services is described in section 4252(b)(2) of the Code.

24. By reason of the foregoing, Plaintiff has overpaid its federal communications excise tax for the taxable quarters ended March 31, 2000 through March 31, 2005. Defendant has refused to refund any part of the overpayment.

25. The United States has conceded liability with respect to the applicability of the federal communications excise tax in Notice 2006-50 , I.R.B. 2006-25, May 25, 2006 (attached as Exhibit B). Thus, Plaintiff's Services at issue in this complaint are not subject to the federal communications excise tax and Plaintiff is entitled to a refund.

26. Plaintiff is the sole owner of this claim and has made no assignment or transfer of any part of this claim or any part thereof.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor and against the United States in the amount of $291,347.06, representing overpayment of tax, or such other amount as may be legally refundable, plus interest as provided by law, and for such other and further relief as the Court deems equitable and proper.

Dated: August 1, 2006

Respectfully submitted,

By: ______________________________

Jacob J. Miles, Esq.
Paul L. Kattas, Esq.
Joseph A. Boyle, Esq.
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Attorneys for Plaintiff

**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

101 PARK AVENUE NEW YORK, NY 10178

TELEPHONE (212) 808-7800
FAX (212) 808-7897

1200 19TH STREET, N.W.
SUITE 500
WASHINGTON, DC 20036
(202) 955-9600
FAX (202) 955-9792

333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606
(312) 857-7070
FAX (312) 857-7095

200 KIMBALL DRIVE
PARSIPPANY, NJ 07054
(973) 503-5900
FAX (973) 503-5950

TWO STAMFORD PLAZA
281 TRESSER BOULEVARD
STAMFORD, CT 06901
(203) 324-1400
FAX (203) 327-2669

777 SOUTH FIGUEROA STREET
SUITE 2700
LOS ANGELES, CA 90017
(213) 689-1300
FAX (213) 688-8150

TYSONS CORNER
8000 TOWERS CRESCENT DRIVE
SUITE 1200
VIENNA, VA 22182
(703) 918-2300
FAX (703) 918-2450

SUITE 1602, FAIRMONT HOUSE
8 COTTON TREE DRIVE, HONG KONG
(852) 2869-0821
FAX (852) 2869-0049

106 AVENUE LOUISE
1050 BRUSSELS, BELGIUM
(32)(2) 646-1110
FAX (32)(2) 640-0589



ROBERT J. AAMOTH*
DANNY E. ADAMS*
ROBERT B. ADAMS
TALAT M. ANSARI
NORMAN D. ANTIN*
STEVEN A. AUGUSTINO*
MARK I. BANE
M. RIDGWAY BARKER*
DAVID E. BARRY
DAVID R. BATCHELLER, P.A.*
ROBERT D. BICKFORD, JR.
WILLIAM C. BLIND
JOSEPH A. BOYLE
RICHARD W. BRADY
PAUL L. BRESSAN
CARMINE J. BROCCOLE
SAMUEL A. BRODNAX, JR.*
RICHARD G. BRODRICK
STEVEN P. CALEY
JOHN M. CALLAGY
BRIAN J. CALVEY
JONATHAN E. CANIS*
JOHN T. CAPETTA*
JAMES E. CARR
JOSEPH T. CASEY, JR.*
CAROLYN B. CAUFIELD
RICHARD E. CHARGAR
JUSTINE M. CLARK
RICHARD J. CONCANNON
JONATHAN K. COOPERMAN
JOHN J. COSTELLO
ROBERT E. CROTTY
EUGENE T. D'ABLEMONT
JOHN DAMES*
KEVIN DEBRÉ*
PATRICK L. DEL DUCA*
RICHARD E. DONOVAN
PAUL F. DOYLE
W. CHRISTIAN DREWES
ROBERT EHRENBARD
ALAN M. EPSTEIN
WILLIAM A. ESCOBAR
ANNE M. FALVEY
WALTER T. FAULKNER
E. HARRISON FRANKEL
ROBERT E. FRIEDMAN
JOHN A. GARRATY, JR.
JOHN F. GIBBONS
WILLIAM B. GOLDEN, JR.
JOHN I. GORDON*
SUSAN GREENSPON*
MARK B. GREGORY*
JEFFREY D. HAAS
ROBERT L. HAIG
JAMES R. HAYS
WILLIAM C. HECK
RANDI-JEAN G. HEDIN
BARBARA E. HOEY
JOSEPH B. HOFFMAN*
BUD G. HOLMAN
RONALD D. HUSDON*
JOHN G. IMMER*
MICHAEL S. INSEL
JANE E. JABLONS
THOMAS C. JACKSON*
THOMAS B. KINZLER
JAMES J. KIRK
KENNETH KIRSCHNER
JAY R. KOLMAR
WILLIAM A. KROHLEY
MICHELLE M. LA MAR*
ALAN J. LASKA
TIMOTHY R. LAVENDER*
PATRICIA M. LEE
MICHAEL LUBLINSKI
RICHARD R. LURY
JOHN J. LYNAGH
PAUL G. MADISON*
GEORGE J. MARCHESE
PAUL F. MCCURDY
GREGORY M. MCKENZIE
NEIL MERKL
YVES MELEZIANOGIORA
JACOB J. MILES
GENEVIEVE MORELLI*
JUN MORI*
BRAD MUTSCHELKNAUS*
FREDERIC B. NATHAN
JAMES V. O'GARA
SUSAN J. ONUMA
HENRY Y. OTA*
CHRISTOPHER C. PALERMO
MARY K. PERIOLAT*
AILEEN A. PISCIOTTA*
ERIC F. QUANDT*
DAVID A. RAMMELT*
SARAH L. REID
DAVID E. RETTER
RONALD R. RISDON
FREDERIC A. RUBINSTEIN
JOEL S. RUBLIN
ROBERT C. SHENFELD
J. BARTON SEITZ*
FRANCIS V. SOGI
JULIAN SOLOTOROVSKY*
MARK R. SOMERSTEIN
JUDITH ST. LEDGER-ROTY*
STEPHEN W. STEIN
DANIEL M. STEINWAY*
MERRILL B. STONE
DAVID E. SUDZUS*
ELISHEVA S. TEITZ
ANDRÉ VAN LANDUYT*
DAVID L. VAUGHAN
SALVATORE J. VITIELLO
SHABBIR S. WAKHARIYA
KEVIN J. WALSH
SHIGERU WATANABE*
PETER WOLFRAM
STEPHEN A. WOOD*
EDWARD A. YORKGITIS, JR.*
KYUHONG YUH
HARVEY FOLKS ZIMAND

COUNSEL

ROBERT M. BERSON
SAMUEL S. CROSS
JAMES J. FREEMAN*
STEVEN K. HAZEN*
LELAND J. MARKLEY
HON. FRANCIS T. MURPHY
PHILIP V. PERMUT*
JAMES P. PRENETTA, JR.
FREDERICK T. SHEA
JOHN W. SIMPSON*

*NOT ADMITTED IN NEW YORK

AFFILIATE OFFICES

DEJ-UDOM & ASSOCIATES
CHARN ISSARA TOWER – 9TH FLOOR
942/142-3 RAMA IV ROAD
BANGKOK 10500 THAILAND
(66)(2) 233-0055
FAX (66)(2) 236-6681

SOEBAGJO, JATIM & DJAROT
PLAZA MASHILL, 17TH FLOOR
JALAN JEND, SUDIRMAN KAV. 25
JAKARTA 12920 INDONESIA
(62)(21) 522-9765
FAX (62)(21) 522-9752

WAKHARIYA & WAKHARIYA
41 BAJAJ BHWAN
226 NARIMAN POINT
MUMBAI 400 021 INDIA
(91)(22) 281-0336
FAX (91)(22) 281-0337

YUMOTO & OTA
KIOI ROYAL HEIGHTS
3-29, KIOI-CHO
CHIYODA-KU
TOKYO 102 JAPAN
(81)(3) 3234-2441
FAX (81)(3) 3262-2729


April 2, 2003

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED

UNITED STATES TREASURY
RECEIVED BY CAMPUS
APR 07 2003
COVINGTON, KY
MAIL UNIT # 06

Internal Revenue Service Center
Cincinnati, OH 45999-0002

Re: National Travel Services, Inc.
(EIN: 65-0771217)

Dear Sir or Madam:

Enclosed please find refund claims with respect to the federal communications excise tax for the periods March 1, 2000 through March 31, 2003. Also enclosed is a power of attorney.

Please acknowledge receipt of the enclosed by signing and dating the extra copy of this letter and returning it to me in the postage-paid envelope provided for this purpose.

Very truly yours,

Jacob J. Miles

JJM:sg
Enclosures

NY01/MILEJ/822929.1

**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

101 PARK AVENUE NEW YORK, NY 10178

TELEPHONE (212) 808-7800
FAX (212) 808-7897

1200 19TH STREET, N.W.
SUITE 500
WASHINGTON, DC 20036
(202) 955-9600
FAX (202) 955-9792

333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606
(312) 857-7070
FAX (312) 857-7095

200 KIMBALL DRIVE
PARSIPPANY, NJ 07054
(973) 503-5900
FAX (973) 503-5950

TWO STAMFORD PLAZA
281 TRESSER BOULEVARD
STAMFORD, CT 06901
(203) 324-1400
FAX (203) 327-2669

777 SOUTH FIGUEROA STREET
SUITE 2700
LOS ANGELES, CA 90017
(213) 689-1300
FAX (213) 688-8150

TYSONS CORNER
8000 TOWERS CRESCENT DRIVE
SUITE 1200
VIENNA, VA 22182
(703) 918-2300
FAX (703) 918-2450

SUITE 1602, FAIRMONT HOUSE
8 COTTON TREE DRIVE, HONG KONG
(852) 2869-0821
FAX (852) 2869-0049

106 AVENUE LOUISE
1050 BRUSSELS, BELGIUM
(32)(2) 646-1110
FAX (32)(2) 640-0589



ROBERT J. AAMOTH*
DANNY E. ADAMS*
ROBERT B. ADAMS
TALAT M. ANSARI
NORMAN B. ANTIN*
STEVEN A. AUGUSTINO*
MARK I. BANE
M. RIDGWAY BARKER*
DAVID E. BARRY
DAVID S. BATCHELLER, P.A.*
ROBERT D. BICKFORD, JR.
WILLIAM C. BLIND
JOSEPH A. BOYLE
RICHARD W. BRADY
PAUL L. BRESSAN
CARMINE J. BROCCOLE
SAMUEL A. BROGNAX, JR.*
RICHARD G. BRODRICK
STEVEN P. CALEY
JOHN M. CALLAGY
BRIAN J. CALVEY
JONATHAN E. CANIS*
JOHN T. CAPETTA*
JAMES S. CARR
JOSEPH T. CASEY, JR.*
CAROLYN B. CAUFIELD
RICHARD E. CHARGAR
JUSTINE M. CLARK
RICHARD J. CONCANNON
JONATHAN R. COOPERMAN
JOHN J. COSTELLO
ROBERT E. CROTTY
EUGENE T. D'ABLEMONT
JOHN DAMES*
KEVIN DEBRÉ*
PATRICK L. DEL DUCA*
RICHARD E. DONOVAN
PAUL F. DOYLE
W. CHRISTIAN DREWES
ROBERT EHRENBARD
ALAN M. EPSTEIN
WILLIAM A. ESCOBAR
ANNE M. FALVEY
WALTER T. FAULKNER
B. HARRISON FRANKEL
ROBERT S. FRIEDMAN
JOHN A. GARRATY, JR.
JOHN F. GIBBONS
WILLIAM R. GOLDEN, JR.
JOHN I. GORDON*
SUSAN GREENSPON*
MARK S. GREGORY*
JEFFREY D. HAAS
ROBERT L. HAIG
JAMES R. HAYS
WILLIAM C. HECK
RANDI-JEAN G. HEDIN
BARBARA E. HOEY
JOSEPH B. HOFFMAN*
BUD G. HOLMAN
RONALD D. HURDON*
JOHN G. IMMER*
MICHAEL S. INSEL
JANE E. JABLONS
THOMAS C. JACKSON*
THOMAS B. KINZLER
JAMES J. KIRK
KENNETH KIRSCHNER
JAY R. KOLMAR
WILLIAM A. KROHLEY
MICHELLE M. LA MAR*
ALAN J. LASKA
TIMOTHY R. LAVENDER*
PATRICIA M. LEE
MICHAEL LUBLINSKI
RICHARD R. LURY
JOHN J. LYNAGH
PAUL G. MADISON*
GEORGE J. MARCHESE
PAUL F. MCCURDY
GREGORY M. MCKENZIE
NEIL MERKL
YVES MIEDZIANOGORA
JACOB J. MILES
GENEVIEVE MORELLI*
JUN MORI*
BRAD MUTSCHELKNAUS*
FREDERIC S. NATHAN
JAMES V. O'GARA
SUSAN J. ONUMA
HENRY Y. OTA*
CHRISTOPHER C. PALERMO
MARY K. PERSOLAT*
AILEEN A. PISCIOTTA*
ERIC F. QUANDT*
DAVID A. RAMMELT*
SARAH L. REID
DAVID E. RETTER
RONALD R. RISDON
FREDERIC A. RUBINSTEIN
JOEL S. RUBKIN
ROBERT C. SHENFELD
J. BARTON SEITZ*
FRANCIS Y. SOGI
JULIAN SOLOTOROVSKY*
MARK R. SOMERSTEIN
JUDITH ST. LEDGER-ROTY*
STEPHEN W. STEIN
DANIEL M. STEINWAY*
MERRILL B. STONE
DAVID B. SUDZUS*
ELISHEVA S. TEITZ
ANDRE VAN LANDUYT*
DAVID L. VAUGHAN
SALVATORE J. VITIELLO
SHABBIR S. WAKKARIYA
KEVIN J. WALSH
SHIGERU WATANABE*
PETER WOLFRAM
STEPHEN A. WOOD*
EDWARD A. YORKGITIS, JR.*
KYUHONG YUH
HARVEY FOLKS ZIMAND

COUNSEL

ROBERT M. BERSON
SAMUEL B. CROSS
JAMES J. FREEMAN*
STEVEN K. HAZEN*
LELAND J. MARKLEY
HON. FRANCIS T. MURPHY
PHILIP V. PERMUT*
JAMES P. PRENETTA, JR.
FREDERICK T. SHEA
JOHN W. SIMPSON*

*NOT ADMITTED IN NEW YORK

AFFILIATE OFFICES

DEJ-UDOM & ASSOCIATES
CHARN ISSARA TOWER – 9TH FLOOR
942/142-3 RAMA IV ROAD
BANGKOK 10500 THAILAND
(66)(2) 233-0055
FAX (66)(2) 236-6681

SOEBAGJO, JATIM & DJAROT
PLAZA MASHILL, 17TH FLOOR
JALAN JEND. SUDIRMAN KAV. 25
JAKARTA 12920 INDONESIA
(62)(21) 522-9765
FAX (62)(21) 522-9752

WAKHARIYA & WAKHARIYA
41 BAJAJ BHWAN
226 NARIMAN POINT
MUMBAI 400 021 INDIA
(91)(22) 281-0336
FAX (91)(22) 281-0337

YUMOTO & OTA
KIOI ROYAL HEIGHTS
3-29, KIOI-CHO
CHIYODA-KU
TOKYO 102 JAPAN
(81)(3) 3234-2441
FAX (81)(3) 3262-2729


April 2, 2003

VIA CERTIFIED MAIL
<u>RETURN RECEIPT REQUESTED</u>

Internal Revenue Service Center
Cincinnati, OH 45999-0002

Re: National Trav[…]rvices, Inc.
<u>(EIN: 65-07[…]</u>

Dear Sir or Madam:

Enclosed pleas[…]l communications excise tax for the periods March 1, […]wer of attorney.

Please ackr[…]extra copy of this letter and returning it to r[…]

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

7000 0600 0024 9028 1243

| | |
|---|---|
| Postage | $ .83 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.88 |

GRAND CENTRAL STA. USPS

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)

Street, Apt. No., or PO Box No. IRS

City, State, ZIP+4 Cincinnati OH 45999-0002

JJM:sg
Enclosures

Form **2848**
(Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name
Telephone
Function
Date / /

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| National Travel Services, Inc.<br>2419 E Commercial Blvd #100<br>Ft. Lauderdale, FL 33308-4042 | | 65 0771217 |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Mr. Jacob J. Miles<br>Kelley Drye & Warren<br>New York, NY 10178-0002 | CAF No. 2005-78683R<br>Telephone No. (212) 808-7574<br>Fax No. (212) 808-7897<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address | CAF No.<br>Telephone No.<br>Fax No.<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address | CAF No.<br>Telephone No.<br>Fax No.<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Excise Tax | Form 720 and Form 8849 | 2000 thru 2003 |
| | | |
| | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4—Specific uses not recorded on CAF.**) . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5—Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: Pertaining to Excise Taxes collected on taxpayer's telecommunications services

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, BUT NOT TO ENDORSE OR CASH, refund checks, initial here ________ and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Mr. Jacob J. Miles

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

[signature] — Signature | 3/15/03 — Date | President — Title (if applicable)

James Verrillo — Print Name

Signature | Date | Title (if applicable)

Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent—enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer—a bona fide officer of the taxpayer's organization.
e Full-Time Employee—a full-time employee of the taxpayer.
f Family Member—a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer—an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation—Insert above letter (a–h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| a | NY | [signature] | 4/2/03 |
| | | | |
| | | | |

Form **8849** (Rev. January 2002)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Please print in ALL CAPITAL LETTERS. Leave a blank box between words.

Name of claimant: NATIONAL TRAVEL SERVICES

Employer identification number (EIN): 650771217

Address (number, street, room or suite no.): 2419 E COMMERICAL BLVD # 100

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: FT LAUDERDALE FL

ZIP code: 333084042

Foreign country, if applicable. Do not abbreviate.

Month claimant's income tax year ends

Daytime telephone number (optional)

**Caution:** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters that were or will be made on* ***Form 720X****, Amended Quarterly Federal Excise Tax Return, or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720)****, Claims, or* ***Form 4136****, Credit for Federal Tax Paid on Fuels.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Claims on Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be combined with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☒ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] Signature and title (if applicable) — Date: 3/15/03

James Verrillo

Type or print your name below signature.

Schedule 6 (Form 8849) (Rev. January 2002)

Department of the Treasury—Internal Revenue Service

# Other Claims

▶ Attach to Form 8849. ▶ See instructions on page 2.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1-9) |
|---|---|---|
| National Travel Services | 65-0771217 | $ 135,000.00 |

Enter the earliest and latest dates of the events included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ 01012000 Latest date ▶ 03312002

Claimant's registration number for Section 4091(d) claims. ▶ ______

| | Claim | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | Jan 1, 2000 thru Mar 31, 2000 | $ 15,000 | 00 | |
| 2 | Apr 1, 2000 thru Jun 30, 2000 | 15,000 | 00 | |
| 3 | Jul 1, 2000 thru Sep 30, 2000 | 15,000 | 00 | |
| 4 | Oct 1, 2000 thru Dec 31, 2000 | 15,000 | 00 | |
| 5 | Jan 1, 2001 thru Mar 31, 2001 | 15,000 | 00 | |
| 6 | Apr 1, 2001 thru Jun 30, 2001 | 15,000 | 00 | |
| 7 | Jul 1, 2001 thru Sep 30, 2001 | 15,000 | 00 | |
| 8 | Oct 1, 2001 thru Dec 31, 2001 | 15,000 | 00 | |
| 9 | Jan 1, 2002 thru Mar 31, 2002 | 15,000 | 00 | |

Use the space below for an explanation of each claim listed.

SEE ATTACHMENT

# Form 8849 Attachment

Name of Claimant: National Travel Servinces, Inc.
Employer Identification Number: 65-0771217
Type of Return Filed: 720 (No. 22)
Excise Tax: Communications Excise Tax
Period of Claim: January 1, 2000 through March 31, 2002
Amount to be Refunded: $ 135,000 plus interest (See last paragraph of this Attachment.)

This claim is for taxes collected from Claimant, whether directly or through its long distance provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider has collected such taxes from Claimant on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services", within the meaning of Code Section 4252(d). VPN services qualify as "private communication services", and, as a result, these are exempt from the Communications Services Excise Tax.

Assuming arguendo that the VPN services do not qualify in their entirety as tax exempt "private communication services", then, (1) to the extent the VPN services are attributable to intra-corporate communication services (i.e., calls between offices of Claimant's affiliated group), such services qualify as "private communication services" and are thus exempt from the Communications Services Excise Tax; and (2) charges for facsimile transmission service are not subject to the Communications Service Excise Tax because this is not a "local telephone service", a toll telephone service" (in as much as it does not provide a telephonic quality communication) or a "teletypewriter exchange service".

In any event, long distance telephone service provided to Claimant does not constitute "toll telephone service", within the meaning of Code Section 4252(b), and is therefore exempt from the communications excise tax, to the extent (1) the charge does not vary in amount with the distance of each individual communication and (2) the service does not entitle Claimant, upon payment of a periodic charge (determined as a flat amount on the basis of toll elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all persons in a specified area.

This claim for refund is inconsistent with Technical Advice Memoranda 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review through Claimant's long distance provider, however, upon request. Please note that the exact amount of the taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.

Form **8849** (Rev. January 2002)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Please print in ALL CAPITAL LETTERS. Leave a blank box between words.

Name of claimant: NATIONAL TRAVEL SERVICES

Employer identification number (EIN): 650771217

Address (number, street, room or suite no.): 2419 E COMMERICAL BLVD # 100

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: FT LAUDERDALE FL

ZIP code: 333084042

Month claimant's income tax year ends:

Foreign country, if applicable. Do not abbreviate.:

Daytime telephone number (optional):

**Caution:** ***Do not*** *use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters that were or will be made on* ***Form 720X****, Amended Quarterly Federal Excise Tax Return, or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720)****, Claims, or* ***Form 4136****, Credit for Federal Tax Paid on Fuels.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Claims on Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be combined with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☒ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] 3/15/03

Signature and title (if applicable) Date

James Verrillo

Type or print your name below signature.

Schedule 6 (Form 8849) (Rev. January 2002)

Department of the Treasury—Internal Revenue Service

# Other Claims

▶ Attach to Form 8849. ▶ See instructions on page 2.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–9) |
|---|---|---|
| National Travel Services | 65-0771217 | $ 60,000.00 |

Enter the earliest and latest dates of the events included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ 04012002 Latest date ▶ 03312003

Claimant's registration number for Section 4091(d) claims. ▶

| | Claim | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | Apr 1, 2002 thru Jun 30, 2002 | $ 15,000 | 00 | |
| 2 | Jul 1, 2002 thru Sep 30, 2002 | 15,000 | 00 | |
| 3 | Oct 1, 2002 thru Dec 31, 2002 | 15,000 | 00 | |
| 4 | Jan 1, 2003 thru Mar 31, 2003 | 15,000 | 00 | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |

Use the space below for an explanation of each claim listed.

SEE ATTACHMENT

4

# Form 8849 Attachment

Name of Claimant: National Travel Servinces, Inc.
Employer Identification Number: 65-0771217
Type of Return Filed: 720 (No. 22)
Excise Tax: Communications Excise Tax
Period of Claim: April 1, 2002 through March 31, 2003
Amount to be Refunded: $ 60,000 plus interest (See last paragraph of this Attachment.)

This claim is for taxes collected from Claimant, whether directly or through its long distance provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider has collected such taxes from Claimant on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services", within the meaning of Code Section 4252(d). VPN services qualify as "private communication services", and, as a result, these are exempt from the Communications Services Excise Tax.

Assuming arguendo that the VPN services do not qualify in their entirety as tax exempt "private communication services", then, (1) to the extent the VPN services are attributable to intra-corporate communication services (i.e., calls between offices of Claimant's affiliated group), such services qualify as "private communication services" and are thus exempt from the Communications Services Excise Tax; and (2) charges for facsimile transmission service are not subject to the Communications Service Excise Tax because this is not a "local telephone service", a toll telephone service" (in as much as it does not provide a telephonic quality communication) or a "teletypewriter exchange service".

In any event, long distance telephone service provided to Claimant does not constitute "toll telephone service", within the meaning of Code Section 4252(b), and is therefore exempt from the communications excise tax, to the extent (1) the charge does not vary in amount with the distance of each individual communication and (2) the service does not entitle Claimant, upon payment of a periodic charge (determined as a flat amount on the basis of toll elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all persons in a specified area.

This claim for refund is inconsistent with Technical Advice Memoranda 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review through Claimant's long distance provider, however, upon request. Please note that the exact amount of the taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.

Form **8821** (Rev. January 2000) Department of the Treasury Internal Revenue Service

# Tax Information Authorization

▶ IF THIS AUTHORIZATION IS NOT SIGNED AND DATED, IT WILL BE RETURNED.

OMB No. 1545-1165
For IRS Use Only
Received by:
Name
Telephone ( )
Function
Date / /

**1 Taxpayer information.**

Taxpayer name(s) and address (please type or print)

National Travel Services Inc
2419 E Commercial Blvd #100
Ft. Lauderdale, FL 33308-4042

Social security number(s)

Employer identification number: 65 : 0771217

Daytime telephone number ( )

Plan number (if applicable)

**2 Appointee.**

Name and address (please type or print)

Ginnie Mauro
TSL a division of PRG-Schultz
600 Galleria Pkwy MS 5E.16
Atlanta, GA 30339

CAF No. 0100-61933R
Telephone No. (770)779-6361
Fax No. (770) 779-3365
Check if new: Address ☐ Telephone No. ☐

**3 Tax matters.** The appointee is authorized to inspect and/or receive confidential tax information in any office of the IRS for the tax matters listed on this line.

| (a) Type of Tax (Income, Employment, Excise, etc.) | (b) Tax Form Number (1040, 941, 720, etc.) | (c) Year(s) or Period(s) | (d) Specific Tax Matters (see instr.) |
|---|---|---|---|
| Excise Tax | 720 & 8849 | 2000 - 2003 | Excise Taxes on Telecommunications Services |
| | | | |
| | | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the tax information authorization is for a specific use not recorded on CAF, check this box. (See the instructions on page 2.) . . . ▶ ☐
If you checked this box, skip lines 5 and 6.

**5 Disclosure of tax information** (you **must** check the box on line 5a or b unless the box on line 4 is checked):

a If you want copies of tax information, notices, and other written communications sent to the appointee on an ongoing basis, check this box . . . ▶ ☒

b If you do not want any copies of notices or communications sent to your appointee, check this box . . . ▶ ☐

**6 Retention/revocation of tax information authorizations.** This tax information authorization automatically revokes all prior authorizations for the same tax matters you listed above on line 3 unless you checked the box on line 4. If you do not want to revoke a prior tax information authorization, you MUST attach a copy of any authorizations you want to remain in effect AND check this box . . . ▶ ☐
To revoke this tax information authorization, see the instructions on page 2.

**7 Signature of taxpayer(s).** If a tax matter applies to a joint return, **either** husband or wife must sign. If signed by a corporate officer, partner, guardian, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute this form with respect to the tax matters/periods covered.

Signature [signature] Date 12/15/03

Print Name James Verrillo Title (if applicable) President

Signature Date

Print Name Title (if applicable)

## General Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of form.** Form 8821 authorizes any individual, corporation, firm, organization, or partnership you designate to inspect and/or receive your confidential information in any office of the IRS for the type of tax and the years or periods you list on this form. You may file your own tax information authorization without using Form 8821, but it must include all the information that is requested on the form.

Form 8821 does not authorize your appointee to advocate your position with respect to the Federal tax laws; to execute waivers, consents, or closing agreements; or to otherwise represent you before the IRS. If you want to authorize an individual to represent you, use **Form 2848**, Power of Attorney and Declaration of Representative.

Use **Form 56**, Notice Concerning Fiduciary Relationship, to notify the IRS of the existence of a fiduciary relationship. A fiduciary (trustee, executor, administrator, receiver, or guardian) stands in the position of a taxpayer and acts as the taxpayer. Therefore, a fiduciary does not act as an appointee and should not file Form 8821. If a fiduciary wishes to authorize an appointee to inspect and/or receive confidential tax information on behalf of the fiduciary, Form 8821 must be filed and signed by the fiduciary acting in the position of the taxpayer.

**Taxpayer identification numbers (TINs).** TINs are used to identify taxpayer information with corresponding tax returns. It is important that you furnish correct names, social security numbers (SSNs), individual taxpayer identification numbers (ITINs), or employer identification numbers (EINs) so that the IRS can respond to your request.

TSL

# INTEROFFICE MEMO

www.tsl.com
600 Galleria Pkwy, Ste 100, Atlanta, GA 30339◆Phone:770-779-6361◆Fax: 770-779-3365

**DATE:** March 21, 2003

**TO:** Jack Miles

**FROM:** Ginnie Mauro

**CC:**

**SUBJECT:** New Claim—<u>National Travel Services Q1,00 through Q1,03</u>

---

Jack:

Enclosed are the submission forms for National Travel Services claim for the tax periods of Q1,00-Q1,03. We are in the process of obtaining the billing and contracts. FYI-They are the parent of Ramanda Plaza Resorts.

Please forward a copy of your submission letter and signed POA for my records.

Thanks.

Ginnie

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

IRS
Cinnati OH 45995
0002

2. Article Number (Copy from service label)
7000 0600 0026 9288 2431

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) B. Date of Deliver

C. Signature
X ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

INTERNAL REVENUE SERVICE
RECEIVED
APR 07 2003
SERVICE CENTER DIRECTOR
COVINGTON, KY
MAIL UNIT 90

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

PS Form 3811, July 1999 Domestic Return Receipt 102595-00-M-0952

**KELLEY DRYE & WARREN LLP**
A LIMITED LIABILITY PARTNERSHIP

101 PARK AVENUE NEW YORK, NY 10178

TELEPHONE (212) 808-7800
FAX (212) 808-7897

1200 19TH STREET, N.W.
SUITE 500
WASHINGTON, DC 20036
(202) 955-9600
FAX (202) 955-9792

333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606
(312) 857-7070
FAX (312) 857-7095

200 KIMBALL DRIVE
PARSIPPANY, NJ 07054
(973) 503-5900
FAX (973) 503-5950

TWO STAMFORD PLAZA
281 TRESSER BOULEVARD
STAMFORD, CT 06901
(203) 324-1400
FAX (203) 327-2669

TYSONS CORNER
8000 TOWERS CRESCENT DRIVE
SUITE 1200
VIENNA, VA 22182
(703) 918-2300
FAX (703) 918-2450

106 AVENUE LOUISE
1050 BRUSSELS, BELGIUM
(32)(2) 646-1110
FAX (32)(2) 640-0589

ROBERT J. AAMOTH*
DANNY E. ADAMS*
ROBERT B. ADAMS
TALAT M. ANSARI
STEVEN A. AUGUSTINO*
MARK I. BANE
M. RIDGWAY BARKER*
DAVID E. BARRY
DAVID S. BATCHELLER, P.A.*
ROBERT D. BICKFORD, JR.
JOSEPH A. BOYLE
RICHARD W. BRADY
CARMINE J. BROCCOLE
SAMUEL A. BRODNAX, JR.*
RICHARD G. BRODRICK
STEVEN P. CALEY
JOHN M. CALLAGY
BRIAN J. CALVEY
JONATHAN E. CANIS*
JOHN T. CAPETTA*
JAMES S. CARR
JOSEPH T. CASEY, JR.*
CAROLYN B. CAUFIELD
RICHARD B. CHARGAR
JUSTINE M. CLARK
RICHARD J. CONCANNON
JONATHAN K. COOPERMAN
JOHN J. COSTELLO
ROBERT E. CROTTY
EUGENE T. D'ABLEMONT
JOHN DAMES*
RICHARD E. DONOVAN
PAUL F. DOYLE
W. CHRISTIAN DREWES
ROBERT EHRENBARD
WILLIAM A. ESCOBAR
WALTER T. FAULKNER
CHRISTOPHER G. FITZPATRICK
R. HARRISON FRANKEL
ROBERT S. FRIEDMAN
JOHN A. GARRATY, JR.
PAUL W. GARRITY
JOHN F. GIBBONS
GOV. JAMES S. GILMORE, III*
WILLIAM R. GOLDEN, JR.
JOHN I. GORDON*
SUSAN GREENSPON*
MARK S. GREGORY*
ROBERT L. HAIG
JAMES R. HAYS
WILLIAM C. HECK
RANDI-JEAN G. HEDIN
JOHN J. HEITMANN
BARBARA E. HOEY
JOSEPH B. HOFFMAN*
BRUD G. HOLMAN
JOHN G. IMMER*
MICHAEL S. INSEL
JANE E. JARLONS
THOMAS C. JACKSON*
PAUL A. KEENAN
HENRY T. KELLY*
THOMAS B. KINZLER
JAMES J. KIRK
KENNETH KIRSCHNER
JAY R. KOLMAN
WILLIAM A. KROHLEY
ALAN J. LASKA
TIMOTHY R. LAVENDER*
PATRICIA M. LEE
RICHARD E. LURY
JOHN J. LYNAGH
PAUL G. MADISON*
GEORGE J. MARCHESE
CHRISTINA M. MASON
PAUL F. MCCURDY
GREGORY M. MCKENZIE
NEIL MERKL
JACOB J. MILES
GENEVIEVE MORELLI*
JUN MORI*
BRAD MUTSCHELKNAUS*
FREDERIC B. NATHAN
JAMES V. O'GARA
SUSAN J. ONUMA
CHRISTOPHER C. PALERMO
DAVID A. RAMMELT*
SARAH L. REID
DAVID E. RETTER
RONALD R. RIDDON
FREDERIC A. RUBINSTEIN
JOEL S. RUPLIN
JEROME A. SCHIFFERLI*
J. BARTON SEITZ*
FRANCIS Y. SOGI
JULIAN SOLOTOROVSKY*
MARK R. SOMMERSTEIN
STEPHEN W. STEIN
DANIEL M. STEINWAY*
JONATHAN STOLER
MERRILL B. STONE
DAVID B. SUDZUS*
ELENA VA S. TEITZ
ANDRÉ VAN LANDUYT*
DAVID L. VAUGHAN
SHAREEN S. WAKHARIYA
PETER WOLFRAM
STEPHEN A. WOOD*
EDWARD A. YORKGITIS, JR.*
KYUNGSG YUH
HARVEY FOLKS ZIMAND

COUNSEL

ROBERT M. BRESON
SAMUEL S. CROSS
HON. JAMES A. GOODMAN*
LELAND J. MARKLEY
HON. FRANCIS T. MURPHY
PHILIP V. PERMUT*
JAMES P. PRENETTA, JR.
FREDERICK T. SHEA
JOHN W. SIMPSON*

*NOT ADMITTED IN NEW YORK

AFFILIATE OFFICES

DEJ-UDOM & ASSOCIATES
CHARN ISSARA TOWER – 9TH FLOOR
942/142-3 RAMA IV ROAD
BANGKOK 10500 THAILAND
(66)(2) 233-0055
FAX (66)(2) 236-6681

SOEBAGJO, JATIM & DJAROT
PLAZA MASHILL, 17TH FLOOR
JALAN JEND. SUDIRMAN KAV. 25
JAKARTA 12920 INDONESIA
(62)(21) 522-9765
FAX (62)(21) 522-9752

WAKHARIYA & WAKHARIYA
41 BAJAJ BHWAN
226 NARIMAN POINT
MUMBAI 400 0021 INDIA
(91)(22) 22810336
FAX (91)(22) 22810337

July 16, 2004

**BY CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Internal Revenue Service Center
Cincinnati, OH 45999-0002

Re: National Travel Services, Inc., (EIN: 65-0771217)
Federal Communications Excise Tax

Dear Sir or Madam:

Enclosed please find refund claims with respect to the federal communications excise tax for the periods April 1, 2003 through June 30, 2004. Also enclosed is a power of attorney.

Please acknowledge receipt of the enclosed by signing and dating the extra copy of this letter and returning it to me in the postage-paid envelope provided for this purpose.

Very truly yours,

Jacob J. Miles

JJM:md
Enclosures

NY01/MILEJ/939884.1

Form **2848**
(Rev. January 2002)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name ____
Telephone ____
Function ____
Date / /

**Part I** **Power of Attorney** (Type or print.)

**1 Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| **National Travel Services, Inc.**<br>**2419 E Commercial Blvd #100**<br>**Ft. Lauderdale, FL 33308-4042** | | **65 : 0771217** |
| | Daytime telephone number ( ) | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| **Mr. Jacob J. Miles** **Kelley Drye & Warren**<br>**101 Park Avenue**<br>**New York, NY 10178-0002** | CAF No. **2005-78683R**<br>Telephone No. **(212) 808-7574**<br>Fax No. **(212) 808-7897**<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address | CAF No.<br>Telephone No.<br>Fax No.<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address | CAF No.<br>Telephone No.<br>Fax No.<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (See the instructions for line 3.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| **Excise Tax** | **Form 720 and Form 8849** | **April 1, 2003 - June 30, 2004** |
| | | |
| | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF.** . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the authority to execute a request for a tax return, or a consent to disclose tax information unless specifically added below, or the power to sign certain returns. See the instructions for **Line 5. Acts authorized.**

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: **Pertaining to Excise Taxes collected on taxpayer's telecommunications services.**

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the separate instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here ______ and list the name of that representative below.

Name of representative to receive refund check(s) ▶ **Mr. Jacob J. Miles**

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

**a** If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . ▶ ☐

**b** If you also want the second representative listed to receive a copy of such notices and communications, check this box. ▶ ☐

**c** If you do not want any notices or communications sent to your representative(s), check this box . . . ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here. . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

[signature] 6-28-04 President

Signature | Date | Title (if applicable)

James Verrillo

Print Name

Signature | Date | Title (if applicable)

Print Name

**Part II Declaration of Representative**

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the separate instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

**a** Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
**b** Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.
**c** Enrolled Agent—enrolled as an agent under the requirements of Treasury Department Circular No. 230.
**d** Officer—a bona fide officer of the taxpayer's organization.
**e** Full-Time Employee—a full-time employee of the taxpayer.
**f** Family Member—a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
**g** Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
**h** Unenrolled Return Preparer—an unenrolled return preparer under section 10.7(c)(1)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation—Insert above letter (a–h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| a | NY | [signature] | 7/14/04 |
| | | | |
| | | | |

Form **8821**
(Rev. January 2000)
Department of the Treasury
Internal Revenue Service

# Tax Information Authorization

▶ IF THIS AUTHORIZATION IS NOT SIGNED AND DATED, IT WILL BE RETURNED.

OMB No. 1545-1165
For IRS Use Only
Received by:
Name
Telephone ( )
Function
Date / /

**1 Taxpayer information.**

Taxpayer name(s) and address (please type or print)

**National Travel Services, Inc.**
**2419 E Commercial Blvd #100**
**Ft. Lauderdale, FL 33308-4042**

Social security number(s)

Employer identification number: **65 : 0771217**

Daytime telephone number ( )

Plan number (if applicable)

**2 Appointee.**

Name and address (please type or print)

**Ginnie Mauro**
**MSS*Group**
**12 Perimeter Center East Suite 1210**
**Atlanta, GA 30346**

CAF No. **0100-61933R**
Telephone No. ( **770** ) **512-8280**
Fax No. ( **770** ) **512-8100**
Check if new: Address ☐ Telephone No. ☐

**3 Tax matters.** The appointee is authorized to inspect and/or receive confidential tax information in any office of the IRS for the tax matters listed on this line.

| (a) Type of Tax (Income, Employment, Excise, etc.) | (b) Tax Form Number (1040, 941, 720, etc.) | (c) Year(s) or Period(s) | (d) Specific Tax Matters (see instr.) |
|---|---|---|---|
| **Excise Tax** | **720 & 8849** | **April 1, 2003 - June 30, 2004** | **Excise Taxes on Telecommunications Services** |
| | | | |
| | | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the tax information authorization is for a specific use not recorded on CAF, check this box. (See the instructions on page 2.) . . . ▶ ☐
If you checked this box, skip lines 5 and 6.

**5 Disclosure of tax information** (you **must** check the box on line 5a or b unless the box on line 4 is checked):

**a** If you want copies of tax information, notices, and other written communications sent to the appointee on an ongoing basis, check this box . . . ▶ ☑

**b** If you do not want any copies of notices or communications sent to your appointee, check this box . . . ▶ ☐

**6 Retention/revocation of tax information authorizations.** This tax information authorization automatically revokes all prior authorizations for the same tax matters you listed above on line 3 unless you checked the box on line 4. If you do not want to revoke a prior tax information authorization, you MUST attach a copy of any authorizations you want to remain in effect AND check this box . . . ▶ ☐
To revoke this tax information authorization, see the instructions on page 2.

**7 Signature of taxpayer(s).** If a tax matter applies to a joint return, **either** husband or wife must sign. If signed by a corporate officer, partner, guardian, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute this form with respect to the tax matters/periods covered.

Signature [signature] Date 6-28-04
James Verrillo
Print Name Title (if applicable)

Signature Date
Print Name Title (if applicable)

## General Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of form.** Form 8821 authorizes any individual, corporation, firm, organization, or partnership you designate to inspect and/or receive your confidential information in any office of the IRS for the type of tax and the years or periods you list on this form. You may file your own tax information authorization without using Form 8821, but it must include all the information that is requested on the form.

Form 8821 does not authorize your appointee to advocate your position with respect to the Federal tax laws; to execute waivers, consents, or closing agreements; or to otherwise represent you before the IRS. If you want to authorize an individual to represent you, use **Form 2848**, Power of Attorney and Declaration of Representative.

Use **Form 56**, Notice Concerning Fiduciary Relationship, to notify the IRS of the existence of a fiduciary relationship. A fiduciary (trustee, executor, administrator, receiver, or guardian) stands in the position of a taxpayer and acts as the taxpayer. Therefore, a fiduciary does not act as an appointee and should not file Form 8821. If a fiduciary wishes to authorize an appointee to inspect and/or receive confidential tax information on behalf of the fiduciary, Form 8821 must be filed and signed by the fiduciary acting in the position of the taxpayer.

**Taxpayer identification numbers (TINs).** TINs are used to identify taxpayer information with corresponding tax returns. It is important that you furnish correct names, social security numbers (SSNs), individual taxpayer identification numbers (ITINs), or employer identification numbers (EINs) so that the IRS can respond to your request.

Form **8849** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: N A T I O N A L T R A V E L S E R V I C E S

Employer identification number (EIN): 6 5 0 7 7 1 2 1 7

Address (number, street, room or suite no.): 2 4 1 9 E C O M M E R C I A L B L V D # 1 0 0

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: F T L A U D E R D A L E F L

ZIP code: 3 3 3 0 8 4 0 4 2

Foreign country, if applicable. Do not abbreviate.

Month claimant's income tax year ends

Daytime telephone number (optional)

**Caution:** ***Do not*** *use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720),*** *Claims,* ***Form 4136,*** *Credit for Federal Tax Paid on Fuels,* ***Form 2290,*** *Heavy Highway Vehicle Use Tax Return, or* ***Form 730,*** *Monthly Tax Return On Wagers.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] 6-28-04

Signature and title (if applicable) — Date

James Verrillo

Type or print your name below signature.

**Schedule 6 (Form 8849)** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
| --- | --- | --- |
| National Travel Services, Inc. | 65-0771217 | $ 75,000.00 |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ 04012003 Latest date ▶ 06302004

**Claimant's registration number** for Section 4091(d) claims. ▶ ______________

| | Tax | Amount of refund | | CRN |
| --- | --- | --- | --- | --- |
| 1 | April 1, 2003 through June 30, 2003 | $ 15,000 | 00 | |
| 2 | July 1, 2003 through September 30, 2003 | 15,000 | 00 | |
| 3 | October 1, 2003 through December 31, 2003 | 15,000 | 00 | |
| 4 | January 1, 2004 through March 31, 2004 | 15,000 | 00 | |
| 5 | April 1, 2004 through June 30, 2004 | 15,000 | 00 | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

**SEE ATTACHED**

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use* ***Form 720X,*** *Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

# Form 8849 Attachment

Name of Claimant: National Travel Services, Inc.
Employer Identification Number: 65-0771217
Type of Return Filed: 720 (No. 22)
Excise Tax: Communications Excise Tax
Period of Claim: April 1, 2003 through June 30, 2004
Amount to be Refunded: $ 75,000.00 plus interest (See last paragraph of this Attachment.)

This claim is for taxes collected from Claimant, whether directly or through its long distance provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider has collected such taxes from Claimant on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services", within the meaning of Code Section 4252(d). VPN services qualify as "private communication services", and, as a result, these are exempt from the Communications Services Excise Tax.

Assuming arguendo that the VPN services do not qualify in their entirety as tax exempt "private communication services", then, (1) to the extent the VPN services are attributable to intra-corporate communication services (i.e., calls between offices of Claimant's affiliated group), such services qualify as "private communication services" and are thus exempt from the Communications Services Excise Tax; and (2) charges for facsimile transmission service are not subject to the Communications Service Excise Tax because this is not a "local telephone service", a toll telephone service" (in as much as it does not provide a telephonic quality communication) or a "teletypewriter exchange service".

In any event, long distance telephone service provided to Claimant does not constitute "toll telephone service", within the meaning of Code Section 4252(b), and is therefore exempt from the communications excise tax, to the extent (1) the charge does not vary in amount with the distance of each individual communication and (2) the service does not entitle Claimant, upon payment of a periodic charge (determined as a flat amount on the basis of toll elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all persons in a specified area.

This claim for refund is inconsistent with Technical Advice Memoranda 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review through Claimant's long distance provider, however, upon request. Please note that the exact amount of the taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.

**CERTIFIED MAIL RECEIPT**

*(Domestic Mail Only; No Insurance Coverage Provided)*

Jack Miles - National Travel servs.

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total | 4.88 |

Postmark Here

GRAND CENTRAL STA NEW YORK NY JUL 16 2004

Internal Revenue Service Center
Cincinnati, OH 45999-0002

7000 0600 0026 9031 9083

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Internal Revenue Service Center
Cincinnati, OH 45999-0002

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

INTERNAL REVENUE SERVICE
RECEIVED
JUL 21 2004
SERVICE CENTER DIRECTOR
COVINGTON, KY
MAIL UNIT #10

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7000 0600 0026 9031 9083

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1540

**KELLEY DRYE & WARREN LLP**
A LIMITED LIABILITY PARTNERSHIP

101 PARK AVENUE
NEW YORK, NY 10178

TELEPHONE (212) 808-7800
FAX (212) 808-7897

1200 19TH STREET, N.W.
SUITE 500
WASHINGTON, DC 20036
(202) 955-9600
FAX (202) 955-9792

333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606
(312) 857-7070
FAX (312) 857-7095

200 KIMBALL DRIVE
PARSIPPANY, NJ 07054
(973) 503-5900
FAX (973) 503-5950

TWO STAMFORD PLAZA
281 TRESSER BOULEVARD
STAMFORD, CT 06901
(203) 324-1400
FAX (203) 327-2669

TYSONS CORNER
8000 TOWERS CRESCENT DRIVE
SUITE 1200
VIENNA, VA 22182
(703) 918-2300
FAX (703) 918-2450

106 AVENUE LOUISE
1050 BRUSSELS, BELGIUM
(32)(2) 646-1110
FAX (32)(2) 640-0589

AFFILIATE OFFICES

SOEBAGJO, JATIM & DJAROT
PLAZA MASHILL, 17TH FLOOR
JALAN JEND. SUDIRMAN KAV. 25
JAKARTA 12920 INDONESIA
(62)(21) 522-9765
FAX (62)(21) 522-9752

WAKHARIYA & WAKHARIYA
41 BAJAJ BHAWAN
226 NARIMAN POINT
MUMBAI 400 021 INDIA
(91)(22) 22810336
FAX (91)(22) 22810337

ROBERT J. AAMOTH*
DANNY E. ADAMS*
ROBERT B. ADAMS
TALAT M. ANSARI
STEVEN A. AUGUSTINO*
MARK I. BANE
M. RIDGWAY BARKER*
DAVID E. BARRY
DAVID B. BATCHELLER, P.A.*
ROBERT D. BICKFORD, JR.
MARY JO BOLDINGH*
JOSEPH A. BOYLE
RICHARD W. BRADY
SAMUEL A. BRODNAX, JR.*
RICHARD G. BROCKICK
STEVEN P. CALEY
JOHN M. CALLAGY
BRIAN J. CALVEY
JONATHAN E. CANIS*
JOHN T. CAPETTA*
JAMES E. CARR
JOSEPH T. CASEY, JR.*
GEOFFREY W. CASTELLO
CAROLYN R. CAUFIELD
RICHARD S. CHARGAR
JUSTINE M. CLARK
RICHARD J. CONCANNON
JONATHAN K. COOPERMAN
JOHN J. COSTELLO
ROBERT E. CROTTY
EUGENE T. D'ABLEMONT
JOHN DAMES*
TODD D. DAUBERT
HARRY DAVIDOW
RICHARD E. DONOVAN
PAUL F. DOYLE
W. CHRISTIAN DREWES
ROBERT EHRENBARD
WILLIAM A. ESCOBAR
WALTER T. FAULKNER
CHRISTOPHER G. FITZPATRICK
B. HARRISON FRANKEL
ROBERT E. FRIEDMAN
JOHN A. GARRATY, JR.
PAUL W. GARRITY
JOHN F. GIBBONS
GOV. JAMES S. GILMORE, III*
WILLIAM R. GOLDEN, JR.
SUSAN GREENSPON*
MARK E. GREGORY*
ROBERT L. HAIG
JAMES R. HAYS
WILLIAM C. HECK
RANDI-JEAN G. HEDIN
JOHN J. HEITMANN
BARBARA E. HOEY
JOSEPH B. HOFFMAN*
REID G. HOLMAN
EDWARD J. HUNTER
JOHN G. IMMERS*
MICHAEL S. INSEL
JANE E. JABLONS
PAUL A. KEENAN
HENRY T. KELLY*
THOMAS B. KINZLER
JAMES J. KIRK
KENNETH KIRSCHNER
WILLIAM A. KROHLEY
ERIC G. KUBOY
ALAN J. LASKA
TIMOTHY E. LAVENDER*
PATRICIA M. LEE
RICHARD E. LURY
JOHN J. LYNAGH
PAUL G. MADISON*
GEORGE J. MARCHESE
CHRISTINA M. MASON
PAUL F. MCCURDY
GREGORY M. MCKENZIE
NEIL MERKL
JACOB J. MILES
GENEVIEVE MORELLI*
JUN MORI*
BRAD MUTSCHELKNAUS*
FREDERIC E. NATHAN
JAMES V. O'GARA
SUSAN I. ONUMA
CHRISTOPHER C. PALERMO
NICHOLAS J. PANARELLA
DAVID A. RAMMELT*
SARAH L. REID
DAVID E. RETTER
FREDERIC A. RUBINSTEIN
JOEL E. RUBLIN
JEROME A. SCHIFFERLI*
RICHARD A. SEGAL
FRANCIS Y. SOGI
JULIAN SOLOTOROVSKY*
MARK R. SOMERSTEIN
STEPHEN W. STEIN
JONATHAN STOLER
MERRILL B. STONE
DAVID R. SUDZUS*
STEVE SZCZEPANSKI*
ELISHEVA E. TEITZ
ANDRÉ VAN LANDUYT*
DAVID L. VAUGHAN
SHASHEEN S. WAKHARIYA
PETER WOLFRAM
KEITH E. WOFFORD
STEPHEN A. WOOD*
EDWARD A. YORKGITIS, JR.*
KYUHONG YUN
HARVEY FOLKS ZIMAND

COUNSEL

SAMUEL E. CROSS
AVERY FISCHER
HON. JAMES A. GOODMAN*
LELAND J. MARKLEY
HON. FRANCIS T. MURPHY
PHILIP V. PERMUT*
FREDERICK T. SHEA
JOHN W. SIMPSON*

*NOT ADMITTED IN NEW YORK

July 19, 2005

INTERNAL REVENUE SERVICE
RECEIVED
JUL 25 2005
SERVICE CENTER DIRECTOR
COVINGTON, KY
MAIL UNIT # 67

VIA CERTIFIED MAIL
<u>RETURN RECEIPT REQUESTED</u>

Internal Revenue Service Center
Cincinnati, OH 45999-0002

Re: <u>National Travel Services & Subsidiaries (EIN: 65-0771217)</u>

Dear Sir or Madam:

Enclosed please find refund claims with respect to the federal communications excise tax for the periods July 1, 2004 through March 31, 2005. Also enclosed is a power of attorney.

Please acknowledge receipt of the enclosed by signing and dating the extra copy of this letter and returning it to me in the postage-paid envelope provided for this purpose.

Very truly yours,

Jacob J. Miles

Jacob J. Miles

Enclosures

cc: Ms. Ginnie Mauro

NY01/TORMC/1034290.1

**KELLEY DRYE & WARREN LLP**
A LIMITED LIABILITY PARTNERSHIP

101 PARK AVENUE NEW YORK, NY 10178

TELEPHONE (212) 808-7800
FAX (212) 808-7897

1200 19TH STREET, N.W.
SUITE 500
WASHINGTON, DC 20036
(202) 955-9600
FAX (202) 955-9792

333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606
(312) 857-7070
FAX (312) 857-7095

200 KIMBALL DRIVE
PARSIPPANY, NJ 07054
(973) 503-5900
FAX (973) 503-5950

TWO STAMFORD PLAZA
281 TRESSER BOULEVARD
STAMFORD, CT 06901
(203) 324-1400
FAX (203) 327-2669

TYSONS CORNER
8000 TOWERS CRESCENT DRIVE
SUITE 1200
VIENNA, VA 22182
(703) 918-2300
FAX (703) 918-2450

106 AVENUE LOUISE
1050 BRUSSELS, BELGIUM
(32)(2) 646-1110
FAX (32)(2) 640-0589

AFFILIATE OFFICES

SOEBAGJO, JATIM & DJAROT
PLAZA MASHILL, 17TH FLOOR
JALAN JEND. SUDIRMAN KAV. 25
JAKARTA 12920 INDONESIA
(62)(21) 522-9765
FAX (62)(21) 522-9752

WAKHARIYA & WAKHARIYA
41 BAJAJ BHAWAN
226 NARIMAN POINT
MUMBAI 400 021 INDIA
(91)(22) 22810336
FAX (91)(22) 22810337

ROBERT J. AAMOTH*
DANNY B. ADAMS*
ROBERT B. ADAMS
TALAT M. ANSARI
STEVEN A. AUGUSTINO*
MARK I. BANE
M. RIDGWAY BARKER*
DAVID E. BARRY
DAVID E. BATCHELLER, P.A.*
ROBERT D. BICKFORD, JR.
MARY JO BOLDINGH*
JOSEPH A. BOYLE
RICHARD W. BRADY
SAMUEL A. BROONAX, JR.*
RICHARD G. BRODRICK
STEVEN P. CALEY
JOHN M. CALLAGY
BRIAN J. CALVEY
JONATHAN E. CANIS*
JOHN T. CAPETTA*
JAMES B. CARR
JOSEPH T. CASEY, JR.*
GEOFFREY W. CASTELLO
CAROLYN B. CAUFIELD
RICHARD B. CHAHOAR
JUSTINE M. CLARK
RICHARD J. CONCANNON
JONATHAN K. COOPERMAN
JOHN J. COSTELLO
ROBERT E. CROTTY
EUGENE T. D'ABLEMONT
JOHN DAMES*
TODD D. DAUBERT
HARRY DAVIDOW
RICHARD E. DONOVAN
PAUL F. DOYLE
W. CHRISTIAN DREWES
ROBERT EHRENBARD
WILLIAM A. ESCOBAR
WALTER T. FAULKNER
CHRISTOPHER G. FITZPATRICK
R. HARRISON FRANKEL
ROBERT S. FRIEDMAN
JOHN A. GARRATY, JR.
PAUL W. GARRITY
JOHN F. GIBBONS
GOV. JAMES S. GILMORE, III*
WILLIAM B. GOLDEN, JR.
SUSAN GREENSPON*
MARK A. GREGORY*
ROBERT L. HAIG
JAMES S. HAYS
WILLIAM C. HECK
RANDI-JEAN G. HEDIN
JOHN J. HEITMANN
BARBARA E. HOEY
JOSEPH B. HOFFMAN*
BUD G. HOLMAN
EDWARD J. HUNTER
JOHN G. IMMER*
MICHAEL S. INSEL
JANE E. JABLONS
PAUL A. KEENAN
HENRY T. KELLY*
THOMAS B. KINZLER
JAMES J. KIRK
KENNETH KIRSCHNER
WILLIAM A. KROHLEY
ERIC O. KURSEY
ALAN J. LASKA
TIMOTHY E. LAVENDER*
PATRICIA M. LEE
RICHARD S. LURY
JOHN J. LYNAGH
PAUL G. MADISON*
GEORGE J. MARCHESE
CHRISTINA M. MARON
PAUL F. MCCURDY
GREGORY M. MCKENZIE
NEIL MERKL
JACOB J. MILES
GENEVIEVE MORELLI*
JUN MORI*
BRAD MUTSCHELKNAUS*
FREDERIC K. NATHAN
JAMES V. O'GARA
SUSAN J. ONUMA
CHRISTOPHER C. PALERMO
NICHOLAS J. PANARELLA
DAVID A. RAMMELT*
SARAH L. REID
DAVID E. RETTER
FREDERIC A. RUBINSTEIN
JOEL S. RUBLIN
JEROME A. SCHIFFERLI*
RICHARD A. SEGAL
FRANCIS T. SOGI
JULIAN SOLOTOROVSKY*
MARK R. SOMBERSTEIN
STEPHEN W. STEIN
JONATHAN STOLER
MERRILL B. STONE
DAVID E. SUDZUS*
STEVE SZCZEPANSKI*
ELISHEVA S. TIETZ
ANDRÉ VAN LANDUYT*
DAVID L. VASKIRAN
SHARAD S. WAKHARIYA
PETER WOLFRAM
KEITH H. WOFFORD
STEPHEN A. WOOD*
EDWARD A. YORKGITIS, JR.*
KYUHONG YUN
HARVEY FOLKE ZIMAND

COUNSEL

SAMUEL S. CROSS
AVERY FISCHER
HON. JAMES A. GOODMAN*
LELAND J. MARKLEY
HON. FRANCIS T. MURPHY
PHILIP V. PERMUT*
FREDERICK T. SHEA
JOHN W. SIMPSON*

*NOT ADMITTED IN NEW YORK

July 19, 2005

VIA CERTIFIED MAIL
<u>RETURN RECEIPT REQUESTED</u>

Internal Revenue Service Center
Cincinnati, OH 45999-0002

Re: <u>National Travel Services & Subsidiaries (EIN: 65-0771217)</u>

Dear Sir or Madam:

Enclosed please find refund claims with respect to the federal communications excise tax for the periods July 1, 2004 through March 31, 2005. Also enclosed is a power of attorney.

Please acknowledge receipt of the enclosed by signing and dating the extra copy of this letter and returning it to me in the postage-paid envelope provided for this purpose.

Very truly yours,

Jacob J. Miles

Jacob J. Miles

Enclosures

cc: Ms. Ginnie Mauro

NY01/TORMC/1034290.1

**KELLEY DRYE & WARREN LLP**
A LIMITED LIABILITY PARTNERSHIP

101 PARK AVENUE
NEW YORK, NY 10178

TELEPHONE (212) 808-7800
FAX (212) 808-7897

1200 19TH STREET, N.W.
SUITE 500
WASHINGTON, DC 20036
(202) 955-9600
FAX (202) 955-9792

200 KIMBALL DRIVE
PARSIPPANY, NJ 07054
(973) 503-5900
FAX (973) 503-5950

TYSONS CORNER
8000 TOWERS CRESCENT DRIVE
SUITE 1200
VIENNA, VA 22182
(703) 918-2300
FAX (703) 918-2450

333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606
(312) 857-7070
FAX (312) 857-7095

TWO STAMFORD PLAZA
281 TRESSER BOULEVARD
STAMFORD, CT 06901
(203) 324-1400
FAX (203) 327-2669

106 AVENUE LOUISE
1050 BRUSSELS, BELGIUM
(32)(2) 646-1110
FAX (32)(2) 640-0589

AFFILIATE OFFICES

SOEBAGIO, JATIM & DJAROT
PLAZA MASHILL, 17TH FLOOR
JALAN JEND. SUDIRMAN KAV. 25
JAKARTA 12920 INDONESIA
(62)(21) 522-9765
FAX (62)(21) 522-9752

WAKHARIYA & WAKHARIYA
41 BAJAJ BHAWAN
226 NARIMAN POINT
MUMBAI 400 0021 INDIA
(91)(22) 22810336
FAX (91)(22) 22810337

ROBERT A. AAMOTH*
DANNY E. ADAMS*
ROBERT B. ADAMS
TALAT M. ANSARI
STEVEN A. AUGUSTINO*
MARK I. BANE
M. RIDGWAY BARKER*
DAVID E. BARRY
DAVID S. BATCHELDER, P.A.*
ROBERT D. BICKFORD, JR.
MARY JO BOLDINGH*
JOSEPH A. BOYLE
RICHARD W. BRADY
SAMUEL A. BRODNAX, JR.*
RICHARD G. BRODRICK
STEVEN P. CALEY
JOHN M. CALLAGY
BRIAN J. CALVEY
JONATHAN E. CANIS*
JOHN T. CAPETTA*
JAMES E. CARR
JOSEPH T. CAREY, JR.*
GEOFFREY W. CASTELLO
CAROLYN B. CAUFIELD
RICHARD S. CHARGAR
JUSTINE M. CLARK
RICHARD J. CONCANNON
JONATHAN E. COOPERMAN
JOHN J. COSTELLO
ROBERT E. CROTTY
EUGENE T. D'ABLEMONT
JOHN DAMES*
TODD D. DAUBERT
BARRY DAVIDOW
RICHARD E. DONOVAN
PAUL F. DOYLE
W. CHRISTIAN DREWES
ROBERT EHRENHARD
WILLIAM A. ESCOBAR
WALTER T. FAULKNER
CHRISTOPHER G. FITZPATRICK
R. HARRISON FRANKEL
ROBERT S. FRIEDMAN
JOHN A. GARRATY, JR.
PAUL W. GARRITY
JOHN F. GIBBONS
GOV. JAMES S. GILMORE, III*
WILLIAM B. GOLDEN, JR.
SUSAN GREENSPON*
MARK E. GREGORY*
ROBERT L. HAIG
JAMES B. HAYS
WILLIAM C. HECK
RANDI-JEAN G. HEDIN
JOHN J. HEITMANN
BARBARA E. HOEY
JOSEPH B. HOFFMAN*
BUD G. HOLMAN
EDWARD J. HORTON
JOHN G. HUMER*
MICHAEL S. ISRAEL
JANE E. JABLONS
PAUL A. JOSHAN
HENRY T. KELLY*
THOMAS B. KINZLER
JAMES J. KIRK
KENNETH KIRSCHNER
WILLIAM A. KNOBLEY
ERIC G. KLIMOV
ALAN J. LASKA
TIMOTHY E. LAVENDER*
PATRICIA M. LEE
RICHARD B. LIBBY
JOHN J. LYNAGH
PAUL G. MADISON*
GEORGE J. MARCHESE
CHRISTINA M. MASON
PAUL F. MCCURDY
GREGORY M. MCKENZIE
NEIL MERKL
JACOB J. MILES
GENEVIEVE MORELLI*
JUN MORI*
BRAD MUTSCHELKNAUS*
FREDERIC S. NATHAN
JAMES V. O'GARA
SUSAN J. ONUMA
CHRISTOPHER C. PALERMO
NICHOLAS J. PANARELLA
DAVID A. RAMMELT*
SARAH L. REID
DAVID E. RETTER
FREDERIC A. RUBINSTEIN
JOEL S. RUBLIN
JEROME A. SCHWITZER*
RICHARD A. SEGAL
FRANCIS Y. SOGI
JULIAN SOLOTOROVSKY*
MARK S. SOMMERSTEIN
STEPHEN W. STERN
JONATHAN STOLER
MERRILL B. STONE
DAVID E. SUSSLER*
STEVE SZCZEPANSKI*
ELENKEVA S. TRTZ
ANDRÉ VAN LANDUYT*
DAVID L. VAUGHAN
SHASHI S. WAKHARIYA
PETER WOLFRAM
KEITH R. WOFFORD
STEPHEN A. WOOD*
EDWARD A. YORKGITIS, JR.*
KYUNGHWAN YUN
HARVEY ZOLDAN

COUNSEL

SAMUEL E. CROSS
AVERY FISCHER
HON. JAMES A. GOODMAN*
LELAND J. MARKLEY
HON. FRANCIS T. MURPHY
PHILIP V. PERMUT*
FREDERICK T. SHEA
JOHN W. SIMPSON*

*NOT ADMITTED IN NEW YORK

July 19, 2005

VIA CERTIFIED MAIL
<u>RETURN RECEIPT REQUESTED</u>

Internal Revenue Service Center
Cincinnati, OH 45999-0002

Re: <u>National Travel Services & Subsidiaries (EIN: 65-0771217)</u>

Dear Sir or Madam:

Enclosed please find refund claims with respect to the federal communications excise tax for the periods July 1, 2004 through March 31, 2005. Also enclosed is a power of attorney.

Please acknowledge receipt of the enclosed by signing and dating the extra copy of this letter and returning it to me in the postage-paid envelope provided for this purpose.

Very truly yours,

Jacob J. Miles

Jacob J. Miles

Enclosures

cc: Ms. Ginnie Mauro

NY01/TORMC/1034290.1

Form **8849** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: NATIONAL TRAVEL SERVICES

Employer identification number (EIN): 650771217

Address (number, street, room or suite no.): 2419 E COMMERCIAL BLVD

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: FT LAUDERDALE FL

ZIP code: 33308

Month claimant's income tax year ends:

Foreign country, if applicable. Do not abbreviate.:

Daytime telephone number (optional):

**Caution:** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on **Schedule C (Form 720)**, Claims, **Form 4136**, Credit for Federal Tax Paid on Fuels, **Form 2290**, Heavy Highway Vehicle Use Tax Return, or **Form 730**, Monthly Tax Return On Wagers.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] 7/11/05

Signature and title (if applicable) Date

James Verrillo

Type or print your name below signature.

**For Privacy Act and Paperwork Reduction Act Notice, see instructions.** Cat. No. 20027J Form **8849** (Rev. 1-2003)

| Schedule 6 (Form 8849) (Rev. January 2003) | Department of the Treasury—Internal Revenue Service **Other Claims** ▶ Attach to Form 8849. | OMB No. 1545-1420 |
|---|---|---|
| Name as shown on Form 8849: **National Travel Services** | EIN or SSN: 65-0771217 | Total refund (total of lines 1–5) $ 15,000.00 |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ 07012004  Latest date ▶ 03312005

**Claimant's registration number** for Section 4091(d) claims. ▶

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | July 1, 2004 through September 30, 2004 | $ 5,000 | 00 | |
| 2 | October 1, 2004 through December 31, 2004 | 5,000 | 00 | |
| 3 | January 1, 2005 through March 31, 2005 | 5,000 | 00 | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:

- **Form 720**, Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290**, Heavy Highway Vehicle Use Tax Return;
- **Form 730**, Monthly Tax Return for Wagers; and
- **Form 11-C**, Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use Form 720X, Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

# Form 8849 Attachment

Name of Claimant: National Travel Services
Employer Identification Number: 65-0771217
Type of Return Filed: 720 (No. 22)
Excise Tax: Communications Excise Tax
Period of Claim: July 1, 2004 through March 31, 2005
Amount to be Refunded: 15,000.00 ***plus interest*** (See last paragraph of this Attachment.)

This claim is for taxes collected from Claimant, whether directly or through its long distance provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider has collected such taxes from Claimant on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services", within the meaning of Code Section 4252(d). VPN services qualify as "private communication services", and, as a result, these are exempt from the Communications Services Excise Tax.

Assuming arguendo that the VPN services do not qualify in their entirety as tax exempt "private communication services", then, (1) to the extent the VPN services are attributable to intra-corporate communication services (i.e., calls between offices of Claimant's affiliated group), such services qualify as "private communication services" and are thus exempt from the Communications Services Excise Tax; and (2) charges for facsimile transmission service are not subject to the Communications Service Excise Tax because this is not a "local telephone service", a toll telephone service" (in as much as it does not provide a telephonic quality communication) or a "teletypewriter exchange service".

In any event, long distance telephone service provided to Claimant does not constitute "toll telephone service", within the meaning of Code Section 4252(b), and is therefore exempt from the communications excise tax, to the extent (1) the charge does not vary in amount with the distance of each individual communication and (2) the service does not entitle Claimant, upon payment of a periodic charge (determined as a flat amount on the basis of toll elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all persons in a specified area.

This claim for refund is inconsistent with Technical Advice Memoranda 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review through Claimant's long distance provider, however, upon request. **Please note that the exact amount of the taxes has not yet been determined.** Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.

8849attachment

Form **2848**
(Rev. March 2004)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ Type or print. ▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name ______
Telephone ______
Function ______
Date / /

**Part I** **Power of Attorney**
**Caution:** *Form 2848 will not be honored for any purpose other than representation before the IRS.*

**1 Taxpayer Information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| **National Travel Services**<br>**2419 E. Commercial BLVD #100**<br>**FT. Lauderdale, FL 33308 - 4042** | | **65 : 0771217** |
| | Daytime telephone number ( ) | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| **Mr. Jacob J. Miles** **Kelley Drye & Warren**<br>**101 Park Avenue**<br>**New York, NY 10178-0002** | CAF No. **2005-78683R**<br>Telephone No. **(212) 808-7574**<br>Fax No. **(212) 808-7897**<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |
| **Christine Tormey** **Kelley Drye & Warren**<br>**101 Park Avenue**<br>**New York, NY 10178-0002** | CAF No. **0100-09978R**<br>Telephone No. **(212) 808-7930**<br>Fax No. **(212) 8087897**<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |
| | CAF No.<br>Telephone No.<br>Fax No.<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (see the instructions for line 3) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) (see the instructions for line 3) |
|---|---|---|
| **Excise Tax** | **Form 720 and Form 8849** | **July 2004 - March 2005** |
| | | |
| | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF** . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the power to sign certain returns, or the power to execute a request for disclosure of tax returns or return information to a third party. See the line 5 instructions for more information.

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. See **Unenrolled Return Preparer** on page 2 of the instructions. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Circular 230. See the line 5 instructions for restrictions on tax matters partners.

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: **Pertaining to Excise Taxes collected on taxpayer's telecommunications services.**

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here ______ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2.

a If you also want the second representative listed to receive a copy of notices and communications, check this box . . ▶ ☐

b If you do not want any notices or communications sent to your representative(s), check this box . . . . . . . . ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here. . . . . . . . . . . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

J Verrillo ............ 7/11/05 ............ President

Signature Date Title (if applicable)

James Verrillo ☐☐☐☐☐ ............

Print Name PIN Number Print name of taxpayer from line 1 if other than individual

............ ............ ............

Signature Date Title (if applicable)

............ ☐☐☐☐☐

Print Name PIN Number

## Part II Declaration of Representative

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

**a** Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
**b** Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.
**c** Enrolled Agent—enrolled as an agent under the requirements of Treasury Department Circular No. 230.
**d** Officer—a bona fide officer of the taxpayer's organization.
**e** Full-Time Employee—a full-time employee of the taxpayer.
**f** Family Member—a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
**g** Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d) of Treasury Department Circular No. 230).
**h** Unenrolled Return Preparer—the authority to practice before the Internal Revenue Service is limited by Treasury Department Circular No. 230, section 10.7(c)(1)(viii). You must have prepared the return in question and the return must be under examination by the IRS. See **Unenrolled Return Preparer** on page 2 of the instructions.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.** See the Part II instructions.

| Designation—Insert above letter (a–h) | Jurisdiction (state) or identification | Signature | Date |
|---|---|---|---|
| a | NY | [signature] | 7/19/05 |
| a | NY | [signature] | 7/19/05 |
| | | | |

Form **8821** (Rev. April 2004) Department of the Treasury Internal Revenue Service

# Tax Information Authorization

▶ Do not use this form to request a copy or transcript of your tax return. Instead, use Form 4506 or Form 4506-T.

OMB No. 1545-1165
For IRS Use Only
Received by:
Name
Telephone
Function
Date / /

**1 Taxpayer information.** Taxpayer(s) must sign and date this form on line 7.

Taxpayer name(s) and address (type or print)

National Travel Services
2419 E. Commercial BLVD #100
FT. Lauderdale, FL 33308 - 4042

Social security number(s)

Employer identification number: 65 : 0771217

Daytime telephone number ( )

Plan number (if applicable)

**2 Appointee.** If you wish to name more than one appointee, attach a list to this form.

Name and address

Ginnie Mauro
12 Perimeter Center East Suite 1210
Atlanta, GA 30346

CAF No. 0100-61933R
Telephone No. (770) 512-8280
Fax No. (770) 512-8100
Check if new: Address ☐ Telephone No. ☐ Fax No. ☐

**3 Tax matters.** The appointee is authorized to inspect and/or receive confidential tax information in any office of the IRS for the tax matters listed on this line. Do not use Form 8821 to request copies of tax returns.

| (a) Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty | (b) Tax Form Number (1040, 941, 720, etc.) | (c) Year(s) or Period(s) (see the instructions for line 3) | (d) Specific Tax Matters (see instr.) |
|---|---|---|---|
| Excise Tax | 720 & 8849 | July 2004 - March 2005 | Excise Taxes on Telecommunications Services |
| | | | |
| | | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the tax information authorization is for a specific use not recorded on CAF, check this box. See the instructions on page 3. If you check this box, skip lines 5 and 6 . ▶ ☐

**5 Disclosure of tax information** (you must check a box on line 5a or 5b unless the box on line 4 is checked):

a If you want copies of tax information, notices, and other written communications sent to the appointee on an ongoing basis, check this box . . . . . ▶ ☑

b If you do not want any copies of notices or communications sent to your appointee, check this box . . . . ▶ ☐

**6 Retention/revocation of tax information authorizations.** This tax information authorization automatically revokes all prior authorizations for the same tax matters you listed on line 3 above unless you checked the box on line 4. If you do not want to revoke a prior tax information authorization, you must attach a copy of any authorizations you want to remain in effect and check this box . . . . . ▶ ☐

To revoke this tax information authorization, see the instructions on page 3.

**7 Signature of taxpayer(s).** If a tax matter applies to a joint return, either husband or wife must sign. If signed by a corporate officer, partner, guardian, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute this form with respect to the tax matters/periods on line 3 above.

▶ **IF NOT SIGNED AND DATED, THIS TAX INFORMATION AUTHORIZATION WILL BE RETURNED.**

[signature] 7/11/05
Signature Date

James Verrillo president
Print Name Title (if applicable)

☐☐☐☐☐ PIN number for electronic signature

Signature Date

Print Name Title (if applicable)

☐☐☐☐☐ PIN number for electronic signature

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Internal Revenue Service
Center
Cincinnati, OH 45999-0002

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by *(Please Print Clearly)*

B. Date of Delivery

C. Signature

X

☐ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

UNITED STATES TREASURY
RECEIVED BY CAMPUS
JUL 25 2005
COVINGTON, KY
MAIL UNIT # 37

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

7003 1680 0005 4981 3232

PS Form 3811, July 1999 Domestic Return Receipt 102595-00-M-0952

Part III - Administrative, Procedural, and Miscellaneous

Communications Excise Tax; Toll Telephone Service

Notice 2006-50

SECTION 1. PURPOSE

(a) In general. As further described in this notice, the Internal Revenue Service will follow the holdings of Am. Bankers Ins. Group v. United States, 408 F.3d 1328 (11th Cir. 2005) (ABIG); OfficeMax, Inc. v. United States, 428 F.3d 583 (6th Cir. 2005); Nat'l R.R. Passenger Corp. v. United States, 431 F.3d 374 (D.C. Cir. 2005) (Amtrak); Fortis v. United States, 2006 U.S. App. LEXIS 10749 (2d Cir. Apr. 27, 2006); and Reese Bros. v. United States, 2006 U.S. App. LEXIS 11468 (3d Cir. May 9, 2006). These cases hold that a telephonic communication for which there is a toll charge that varies with elapsed transmission time and not distance (time-only service) is not taxable toll telephone service as defined in § 4252(b)(1) of the Internal Revenue Code. As a result, amounts paid for time-only service are not subject to the tax imposed by § 4251. Accordingly, the government will no longer litigate this issue and Notice 2005-79, 2005-46 I.R.B. 952, which states otherwise, is revoked.

(b) Credits and refunds. Taxpayers may be entitled to request credit or refund of the excise taxes paid for the services covered by this notice. This notice provides guidance regarding these requests. In addition, the Commissioner will authorize the scheduling of an overassessment under § 6407

to keep the period of limitations open for these requests. This overassessment will apply to all taxpayers and to all taxes paid for the services covered by this notice beginning with the tax paid on services that were billed to customers after February 28, 2003.

SECTION 2. BACKGROUND

(a) In general--(1) Tax imposed. Section 4251(a)(1) imposes a tax on amounts paid for communications services.

(2) Payment of tax. Section 4251(a)(2) provides that the tax imposed shall be paid by the person paying for the service (taxpayer). Section 4251(b)(2) provides that the applicable percentage is 3 percent of amounts paid for communications services.

(3) Collection of tax. Section 4291 provides that the tax is collected by the person receiving the payment (collector). In most cases, the collector, which is also responsible for paying over the tax to the government, is the telecommunications company that provides the communications services to the taxpayer.

(b) Definitions--(1) Communications services. Section 4251(b)(1) provides that the term communications services means (A) local telephone service; (B) toll telephone service; and (C) teletypewriter exchange service. This notice does not address teletypewriter exchange service.

(2) Local telephone service. Section 4252(a) provides that local telephone service means (1) the access to a local telephone system, and the privilege of telephonic quality communication with substantially all persons having telephone

or radio telephone stations constituting a part of such local telephone system; and (2) any facility or service provided in connection with such a service. Local telephone service does not include any service that is a toll telephone service as defined in § 4252(b) or a private communications service as defined in § 4252(d). This notice does not address private communications service.

(3) Toll telephone service--(i) Time and distance. Section 4252(b)(1) provides that toll telephone service includes a telephonic quality communication for which there is a toll charge that varies in amount with the distance and elapsed transmission time of each individual communication and for which the charge is paid within the United States.

(ii) Periodic charge for a specified area. Section 4252(b)(2) provides that toll telephone service also includes a service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located.

(c) Rev. Rul. 79-404. Rev. Rul. 79-404, 1979-2 C.B. 382, concludes that a long distance telephone call for which the charge varies with elapsed transmission time but not with distance is toll telephone service described in § 4252(b)(1).

(d) Notice of proposed rulemaking. In a notice of proposed rulemaking (68 FR 15690; April 1, 2003), the Service proposed an amendment to the Facilities and Services Excise Taxes Regulations to provide that toll telephone service described in section 4252(b)(1) may include a communication service for which the charge does not vary with the distance of each individual communication.

(e) Recent litigation. ABIG, OfficeMax, Amtrak, and Reese Bros. hold time-only service is not toll telephone service as defined in § 4252(b)(1). Further, ABIG, OfficeMax, and Reese Bros. hold that the communications service provided was not a service described in § 4252(b)(2) because the end result was not a "periodic charge" based on total elapsed time but rather a monthly bill based on a summation of toll charges for individual communications. (In Amtrak, toll telephone service described in § 4252(b)(2) would have been exempt from tax under the common carrier exception in § 4253(f).) ABIG, OfficeMax, Amtrak, and Reese Bros. also hold that the communications services provided were not local service, notwithstanding the access the services provided to the local telephone system. (Fortis affirms, in a per curiam opinion, a district court decision reaching the same results.)

(f) Notice 2005-79. Notice 2005-79, 2005-46 I.R.B. 952, states that the Service will continue to assess and collect the tax imposed by § 4251 on all taxable communications services, including those similar to the services in ABIG.

SECTION 3. TERMS DEFINED

The following terms are defined solely for purposes of this notice:

(a) Bundled service. Bundled service is local and long distance service provided under a plan that does not separately state the charge for the local telephone service. Bundled service includes, for example, Voice over Internet Protocol service, prepaid telephone cards, and plans that provide both local and long distance service for either a flat monthly fee or a charge that varies with the elapsed transmission time for which the service is used. Telecommunications companies provide bundled service for both landline and wireless (cellular) service.

(b) Local-only service. Local-only service is local telephone service, as defined in § 4252(a), provided under a plan that does not include long distance telephone service or that separately states the charge for local service on its bill to customers. The term also includes services and facilities provided in connection with service described in the preceding sentence even though these services and facilities may also be used with long distance service. See, for example, Rev. Rul. 72-537, 1972-2 C.B. 574 (telephone amplifier); Rev. Rul. 73-171, 1973-1 C.B. 445 (automatic call distributing equipment); and Rev. Rul. 73-269, 1973-1 C.B. 444 (special telephone).

(c) Long distance service. Long distance service is telephonic quality communication with persons whose telephones are outside the local telephone system of the caller.

(d) Nontaxable service. Nontaxable service means bundled service and long distance service.

SECTION 4. EFFECT OF ABIG, OFFICEMAX, AMTRAK, FORTIS, AND REESE BROS.

(a) Tax treatment of communications service after ABIG, OfficeMax, Amtrak, Fortis, and Reese Bros. The Service will follow ABIG, OfficeMax, Amtrak, Fortis, and Reese Bros. Accordingly, taxpayers are no longer required to pay tax under § 4251 for nontaxable service. In addition, collectors or taxpayers may request a refund of tax paid under § 4251 on nontaxable service that was billed to the taxpayers during the period after February 28, 2003, and before August 1, 2006 (the relevant period).

(b) Tax on local-only service. Collectors should continue to collect and pay over the § 4251 tax on amounts paid for local-only service. As noted in section 3(b) of this notice, local-only service includes amounts paid for facilities or services provided in connection with local telephone service. Thus, for example, tax will continue to be imposed on amounts paid by a taxpayer for renting an amplifier phone provided in connection with local telephone service that is subject to tax.

(c) Effect on collectors. Collectors are directed to cease collecting and paying over tax under § 4251 on nontaxable service that is billed after July 31, 2006, and are not required to report to the IRS any refusal by their customers to pay any tax on nontaxable service that is billed after May 25, 2006. Collectors should not pay over to the IRS any tax on nontaxable service that is billed after July 31, 2006. The form will require collectors to certify that for the third quarter of 2006 that the § 4251 tax reported on the Form 720 does not include any tax on

nontaxable service that was billed after July 31, 2006. Consequently, the IRS will deny all taxpayer requests for refund of tax on nontaxable service that was billed after July 31, 2006. All such requests should be directed to the collector. In addition, collectors may repay to taxpayers the tax on nontaxable service that was billed before August 1, 2006, but are not required to repay such tax. Collectors may also request a refund or make an adjustment to their separate accounts, as appropriate, subject to the provisions of § 6415 and section 5(d)(4) of this notice. Collectors must continue to collect and pay over tax under § 4251 on amounts paid for local only service.

SECTION 5. REQUESTS FOR CREDIT OR REFUND

(a) In general--(1) Request must follow this notice. The Commissioner agrees to credit or refund the amounts paid for nontaxable service if the taxpayer requests the credit or refund in the manner prescribed in this Notice.

(2) Form of request. Taxpayers may request a credit or refund of tax on nontaxable service that was billed after February 28, 2003, and before August 1, 2006, only on their 2006 Federal income tax returns. For this purpose, the 2006 income tax return is the income tax return for calendar year 2006 or for the first taxable year including December 31, 2006. Forms 1040 (series), 1041, 1065, 1120 (series), and 990-T will include a line for requesting the overpayment amount. Persons that are not otherwise required to file a federal income tax return must nevertheless file a return to obtain the credit or refund. Except as provided in section 5(d)(4) of this notice, a request for this credit or refund on any other form (such as a Form 720, 843, or 8849) will not be processed by the

Service. Taxpayers will be permitted to request the safe harbor amount under paragraph (c) of this section only if they have paid all taxes billed by their service provider after February 28, 2003, and before August 1, 2006.

(3) Guidance on the form. The instructions to the respective federal income tax return forms will provide additional guidance. The forms and instructions will require taxpayers to certify that (1) the taxpayer has not received from the collector a credit or refund of the tax paid on nontaxable service billed during the relevant period and (2) the taxpayer will not ask the collector for a credit or refund of that tax and has withdrawn any such request that was previously submitted. The instructions will also require that taxpayers, except for those individuals using the safe harbor amount, retain records that substantiate the request. These records should include bills from the collector that show the amount of tax charged for nontaxable service for each month during the relevant period and receipts, canceled checks, or other evidence that the amount requested was actually paid.

(b) Period of request. The Commissioner will authorize the scheduling of an overassessment under § 6407 to preserve the period of limitations during which taxpayers may request refunds of the tax on nontaxable service that was billed to customers after February 28, 2003, and before August 1, 2006. Therefore, requests may be made for credits or refunds of tax paid for nontaxable service billed after February 28, 2003 and before August 1, 2006.

(c) Amount of the request--(1) Requests by individual taxpayers--(i) Safe harbor amount. Individual taxpayers may request a safe harbor amount. No

documentation will be required to be submitted or kept to support the safe harbor request. However, taxpayers will be permitted to request the safe harbor amount only if they have paid all taxes billed by their service provider after February 28, 2003, and before August 1, 2006; have not received a credit or refund of these taxes from the service provider, and either have not requested such a credit or refund from the service provider or have withdrawn any such request. The amount of this safe harbor is still under consideration and will be announced in later guidance.

(ii) Actual amount. Taxpayers that do not request the safe harbor amount may request a credit or refund of the actual amount of tax they paid.

(d) How to file--(1) Requests by individual taxpayers. Individual taxpayers may request a credit or refund of federal excise taxes paid on nontaxable service only on their 2006 Form 1040, 1040A, or 1040-EZ, Individual Income Tax Return. Individuals who are not otherwise required to file a federal income tax return must nevertheless file Form 1040EZ-T to request the credit or refund. Individual taxpayers, including Schedule C filers, may request either the safe harbor amount or the actual amount of tax paid for nontaxable service.

(2) Requests by taxpayers other than individual taxpayers. Taxpayers other than individual taxpayers (entities) may request only the actual amount of tax paid on nontaxable service billed during the relevant period. No safe harbor amount is allowed for entities.

(3) Requests by entities--(i) In general. Entities may request a credit or refund of federal excise taxes paid on nontaxable service only on their 2006

income tax returns. Any part of the credit or refund attributable to tax payments that were deducted as an ordinary and necessary business expense (including in the determination of unrelated business taxable income) must be included in income for the taxable year in which the refund is received or accrued to the extent that the tax payments reduced the amount of federal income tax (or unrelated business income tax) imposed.

(ii) Partnerships. A partnership, as defined in § 7701(a)(2), may request a credit or refund of federal excise taxes paid on nontaxable service only on its 2006 Form 1065, U.S. Return of Partnership Income. Any amount of the credit or refund included in partnership income and any interest on the credit or refund must be reported on the partnership's return for the taxable year in which received or accrued and must be allocated to its partners on the Schedule K-1, Partner's Share of Income, Credits, Deductions, etc., for that taxable year.

(iii) S Corporations. An S Corporation, as defined in § 1361, may request a credit or refund of federal excise taxes paid on nontaxable service only on its 2006 Form 1120S, U.S. Income Tax Return for an S Corporation. Any amount of the credit or refund included in S Corporation income and any interest on the credit or refund must be reported on the S Corporation's return for the taxable year in which received or accrued and must be allocated to its shareholders on the Schedule K-1, Shareholder's Share of Income, Credits, Deductions, etc., for that taxable year.

(iv) Estates and trusts. An estate or a trust, as defined in § 301.7701-4(a) of the Procedure and Administration Regulations, may request a credit or refund

of federal excise taxes paid on nontaxable service only on its 2006 Form 1041, U.S. Income Tax Return for Estates and Trusts. Any amount of the credit or refund included in the estate's or trust's income and any interest on the credit or refund must be reported on the estate's or trust's Form 1041, U.S. Income Tax Return for Estates and Trusts, for the taxable year in which received or accrued. However, for a trust that is treated as owned by the grantor or other person under subpart E (§ 671 and following), part I, subchapter J, chapter 1 of the Internal Revenue Code (grantor trust), the owner of the trust may request a credit or refund of federal excise taxes treated as paid by the owner for nontaxable service only on its applicable 2006 federal tax return.

(v) Tax exempt organizations. An organization that is described in § 501(a) may request a credit or refund of federal excise taxes paid on nontaxable service only on its 2006 Form 990-T, Exempt Organization Business Income Tax Return. Tax exempt organizations that are not otherwise required to file a federal income tax return must nevertheless file Form 990-T to request the credit or refund. Any amount of the credit or refund included in the organization's unrelated business taxable income must be reported on the organization's Form 990-T, Exempt Organization Business Income Tax Return, for the taxable year in which received or accrued. An organization that is subject to tax on its interest income must also report any interest on the credit or refund on its Form 990-T, Exempt Organization Business Income Tax Return, for the taxable year in which received or accrued.

(vi) Corporations. A corporation, as defined in § 7701(a)(3), that is not described in section 5(d)(3)(iii) of this notice may request a credit or refund of federal excise taxes paid on nontaxable service only on its 2006 Form 1120 (series) income tax return (generally, Form 1120, U.S. Corporation Income Tax Return). Any amount of the credit or refund included in the corporation's income and any interest on the credit or refund must be reported on the corporation's income tax return for the taxable year in which received or accrued. Corporations that are not otherwise required to file a federal income tax return must nevertheless file Form 1120 (series) to request the credit or refund

(vii) Other nonfiling entities. Entities that are not otherwise required to file a federal income tax return must file Form 990-T to request the credit or refund.

(4) Requests and adjustments by collectors--(i) Section 6415 conditions to allowance. The conditions to allowance described in § 6415 apply to all requests and adjustments by collectors, as defined by section 2(a)(3) of this notice. Thus, a request by a collector is allowed only if the person that paid over the tax establishes that it has repaid the amount of the tax to the person from whom the tax was collected, or obtains the written consent of such person to the allowance of the credit or refund.

(ii) Requests for regular method collectors--(A) In general. A person that collected the tax imposed by § 4251 on nontaxable service and paid it over to the government based on amounts actually collected under § 40.6302(c)-1(a)(2)(i) of the Excise Tax Procedural Regulations (regular method collectors) may request a credit or refund.

(B) Form of the request. Regular method collectors may use Form 720X, Amended Quarterly Federal Excise Tax Return, line 1, IRS No. 22, for credit or refund of amounts collected and repaid to taxpayers.

(iii) Account adjustments for alternative method collectors. A person that collected the tax imposed by § 4251 on nontaxable service and paid it over to the government based on amounts considered as collected under § 40.6302(c)-1(a)(2)(ii) (alternative method collectors) may adjust the separate account for the amount of an overpayment. The required adjustment to the separate account is described in § 40.6302(c)-3(b)(2)(ii)(C). The adjustment is reflected on Form 720, Schedule A, line 2, but may not reduce tax liability on Form 720 below zero.

(e) Interest on the credit or refund included in income. If a taxpayer requests a credit or refund of the actual amount of tax paid, interest on the credit or refund of the tax paid for nontaxable service must be included as income on the taxpayer's income tax return for the taxable year in which the interest is received or accrued. Thus, individuals are generally required to report the interest on their 2007 income tax returns.

(f) Estimated tax effects. Although the credit or refund allowed to a taxpayer under this notice will be requested on the taxpayer's income tax return, it is not a credit against tax for purposes of §§ 6654 and 6655. Accordingly, the taxpayer may not take the credit or refund into account in determining the amount of the required installments of estimated tax for 2006. In determining the amount of the required installments of estimated tax for 2007, the income

attributable to the credit or refund is taken into account on the date the income is paid or credited in the case of a cash method taxpayer and on the date the return making the request is filed in the case of an accrual method taxpayer.

(g) Requests that do not follow the provisions of this notice. Requests that do not follow the provisions of this notice (whether filed before or after its publication)--

(1) Will not be processed to the extent they relate to the tax paid on nontaxable service that was billed after February 28, 2003; and

(2) Will be processed normally to the extent they relate to the tax paid on nontaxable service that was billed before March 1, 2003.

SECTION 6. EFFECT ON OTHER DOCUMENTS

Notice 2005-79, 2005-46 I.R.B. 952, is revoked. Rev. Rul. 79-404, 1979-2 C.B. 382, will be revoked in a later revenue ruling.

SECTION 7. DRAFTING INFORMATION

The principal author of this notice is Taylor Cortright of the Office of the Associate Chief Counsel (Passthroughs and Special Industries). For further information regarding this notice, contact (202) 622-3130 (not a toll-free call).